1    TOMIO B. NARITA (SBN 156576)
     WINEBERG, SIMMONDS & NARITA LLP
2    44 Montgomery Street, Suite 3880
     San Francisco, CA 94104-4811
3    Telephone: (415) 352-2200
     Facsimile:   (415) 352-2222
4
     Attorneys for Defendants
5    Wolpoff & Abramson LLP and
     MBNA America Bank, N.A.
6

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10   JOHN GORMAN,                          )   CASE NO.: C-04-4507 JW
                                           )
11             Plaintiff,                   )
                                           )
12             vs.                          )   **NOTICE OF MOTION AND MOTION
                                           )   TO DISMISS COMPLAINT BY
13   WOLPOFF & ABRAMSON, LLP;               )   DEFENDANT MBNA AMERICA BANK,
     MBNA AMERICA BANK, N.A., and           )   N.A.; MEMORANDUM OF POINTS AND
14   Does 1 through 100, inclusive,         )   AUTHORITIES IN SUPPORT OF
                                           )   MOTION**
15             Defendants.                  )
                                           )
16   _____   )
                                               DATE:        December 6, 2004
17                                             TIME:        9:00 a.m.
                                               Courtroom:   8
18
                                               The Honorable James Ware
19

20

21

22

23

24

25

26

27

28

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2           NOTICE IS HEREBY GIVEN, that on December 6, 2004, at 9:00 a.m., or as soon

3   thereafter as the matter may be heard before the Honorable James Ware, in Courtroom 8 of

4   the above-entitled Court, located at 280 South First Street, San Jose, California, Defendant

5   MBNA America Bank, N.A. ("MBNA") will and hereby does move this Court for an Order,

6   pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the complaint

7   filed by plaintiff John Gorman ("Gorman") and each purported cause of action alleged

8   therein against MBNA, on the grounds that the complaint fails to state a claim upon which

9   relief may be granted.  As demonstrated in the accompanying memorandum of points and

10  authorities, the complaint is subject to dismissal on the following grounds:

11          1.  Plaintiff's First Cause of Action for Libel is preempted by the Fair Credit

12  Reporting Act, 15 U.S.C. §1681 *et seq.* (the "FCRA") and therefore must be dismissed, with

13  prejudice, and without leave to amend.

14          2.  Plaintiff's Second Cause of Action for alleged violations of section 1785.25 of the

15  California Civil Code is preempted by the FCRA and therefore must be dismissed, with

16  prejudice, and without leave to amend.

17          3.  Plaintiff's Third Cause of Action for alleged violations of section 1681n of the

18  FCRA must fail since, based upon controlling Ninth Circuit authority, no private right of

19  action exists for alleged violations of a furnisher's duties under 15 U.S.C § 1681s-2(a).

20  Accordingly, this claim must be dismissed, with prejudice, and without leave to amend.

21          4.  Plaintiff's Fourth Cause of Action for alleged violations of section 1681o of the

22  FCRA must fail since, based upon controlling Ninth Circuit authority, no private right of

23  action exists for alleged violations of a furnisher's duties under 15 U.S.C § 1681s-2(a).

24  Accordingly, this claim must be dismissed, with prejudice, and without leave to amend.

25          5.  Plaintiff's Fifth Cause of Action for alleged violations of the Fair Debt Collection

26  Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA") fails because MBNA is not a "debt

27  collector" within the meaning of the FDCPA.  The claim must therefore be dismissed, with

28  prejudice, and without leave to amend.

1         This Motion is based upon this Notice of Motion and Motion, the accompanying

2    Memorandum of Points and Authorities filed herewith, the pleadings and records on file in

3    this action, and upon such other further evidence and argument that may be presented at the

4    hearing on this Motion.

5

6    DATED: November 1, 2004            WINEBERG, SIMMONDS & NARITA LLP
                                            TOMIO B. NARITA

7

8

9

10                                        By:_____/s/_____

11                                               Tomio B. Narita
                                            Attorneys for Defendants

12                                               Wolpoff & Abramson, L.L.P. and MBNA
                                            America Bank, N.A.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2

3    **I.    INTRODUCTION**

4         In this case, plaintiff (and counsel of record) John Gorman asserts a series of claims

5    against MBNA based upon MBNA's alleged failure to report accurate information about

6    Gorman's credit card debt to various credit reporting agencies.  Gorman also alleges that

7    "defendants" made harassing phone calls to him in an effort to collect the debt.  By this

8    motion, defendant MBNA seeks an Order, pursuant to Rule 12(b)(6) of the Federal Rules of

9    Civil Procedure, dismissing each of the five causes of action asserted against MBNA.

10        As demonstrated herein, all of Gorman's claims based upon MBNA's alleged

11   conduct in reporting inaccurate information to credit reporting agencies must fail.  His first

12   two state law claims (for libel and for violations of section 1785.25 of the California Civil

13   Code) are expressly preempted by the FCRA.  His third and fourth claims, for alleged

14   "wilful" and "negligent" violations of the FCRA, stem from MBNA's alleged failure to

15   furnish accurate information under section 1681s-2(a) of the FCRA.  The Ninth Circuit has

16   already held that there is no private right of action for such claims.  Finally, his fifth claim

17   for alleged violations of the FDCPA fails because MBNA is not a "debt collector" within the

18   meaning of the FDCPA.

19        All of Gorman's claims are barred as a matter of law, and it would be futile to grant

20   him leave to amend his complaint.  Accordingly, MBNA respectfully requests that this Court

21   enter an Order dismissing the complaint, with prejudice, and without leave to amend.

22

23   **II.    THE ALLEGATIONS OF THE COMPLAINT**

24        The complaint alleges that "in or about 2003" a dispute arose between Gorman and

25   MBNA with respect to certain charges that had been posted on Gorman's MBNA credit card

26   account.  Complaint ¶ 7.  According to Gorman, he notified MBNA in writing that the

27   charges in question were not legitimate and were disputed.  *Id*. at ¶ 8.  Gorman alleges that

28   MBNA temporarily removed the disputed charges from his account, but MBNA later re-

1   posted the disputed charges and refused to remove them, despite multiple requests from

2   Gorman. *Id*.

3         The complaint also alleges that "in spring 2004" Gorman discovered that defendants

4   were reporting "inaccurate and incomplete" information about him, and he allegedly asked

5   defendants and various credit reporting agencies to correct the "defamatory information."

6   *Id*. at ¶ 12. Gorman claims that defendants have taken no corrective action and that they

7   "continue to report the debt as delinquent without indicating that the charges are disputed"

8   by Gorman. *Id.*

9         Significantly, the complaint does <u>not</u> allege whether (or when) MBNA was notified

10   by any credit reporting agency that Gorman disputed any charges. Gorman also does <u>not</u>

11   allege that, once notified by a credit reporting agency, MBNA failed to investigate his

12   dispute, or that MBNA's investigation was incomplete or insufficient.

13         The pleading states that in "2003 and through late February 2004" the "defendants"

14   repeatedly telephoned Gorman at his residence and office and "made threatening and

15   harassing phone calls regarding the alleged debt" despite being requested by Gorman, both

16   orally and in writing, to cease and desist such calls. *Id*. at ¶¶ 10-11. Gorman does not

17   specify when he allegedly told "defendants" to stop calling him. Nor does Gorman identify

18   anything said by MBNA during any allegedly "threatening or harassing" phone call.

19         Based upon these skeletal allegations, the complaint purports to assert five separate

20   causes of action against MBNA: 1) the First Cause of Action for Libel, 2) the Second Cause

21   of Action for violation of section 1785.25 of the California Civil Code, 3) the Third Cause

22   of Action for violation of section 1681n of the FCRA, 4) the Fourth Cause of Action for

23   violation of section 1681o of the FCRA, and 5) the Fifth Cause of Action for violation of the

24   FDCPA. All of the claims fail as a matter of law.

25

26

27

28

1    **III.    ABCUMENT**

2        **A.    The First Cause of Action for Libel is Preempted by The FCRA**

3        In his First Cause of Action, Gorman asserts that MBNA's conduct in reporting

4    allegedly inaccurate information about his debt to credit reporting agencies after Gorman

5    disputed certain charges "constitutes libel" under California law.  As this Court has

6    previously held, however, libel claims like Gorman's implicate conduct falling within the

7    subject matter of section 1681s-2(a) of the FCRA, and are therefore preempted by section

8    1681t(b)(1)(F) of the FCRA.[1]  *See Davis v. Maryland Bank*, 2002 U.S. Dist. LEXIS 26468

9    (N. D. Cal. 2002).  The First Cause of Action for libel must be dismissed.

10       Like Gorman, the plaintiff in *Davis* sought to pursue, *inter alia,* a common law

11   defamation claim based upon a credit card issuer's alleged reporting of inaccurate

12   information to a credit reporting agency concerning a disputed debt.  *Id*. at *7.  But Congress

13   enacted section 1681t(b)(1)(F) of the FCRA as part of its effort to create a "uniform scheme

14   governing the disclosure of credit information" and it would undermine Congress' intent to

15   allow consumers to pursue common law tort claims that implicate the same subject matter of

16   the FCRA.  *Id*. at *41.  The conduct challenged in *Davis* (like the conduct challenged by

17   Gorman here) is regulated by section 1681s-2(a)(1)(A) which provides that a "person shall

18   not furnish any information relating to a consumer reporting agency if the person knows or

19   consciously avoids knowing that the information is inaccurate."  *Id*.  at *37.  The FCRA

20   preempts any state law claim falling within the "subject matter" regulated by section 1681s-

21

22       [1] Section 1681t of the FCRA, which includes the preemption provisions at issue in this action,
23   provides in relevant part:
         "No requirement or prohibition may be imposed under the laws of any State--
24               (1)    with respect to any subject matter regulated under--
                 (F)   section 1681s-2 of this title, relating to the responsibilities of persons who
25               furnish information to consumer reporting agencies, except that this paragraph
                 shall not apply–
26                       (i) with respect to section 54A(a) of chapter 93 of the Massachusetts
27                       Annotated Laws (as in effect on September 30, 1996);  or
                         (ii) with respect to section 1785.25(a) of the California Civil Code (as in
28                       effect on September 30, 1996)."

1  2 of the statute. *Id*. at \*36-37. Since the alleged defamation was based on "the precise

2  conduct which is proscribed under section 1681s-2(a)-(b)" (*id*. at 44) the *Davis* court held

3  the claim was "preempted under section 1681t(b)(1)(F)." *Id*. at \*44, 46.[2]

4        Here, as in *Davis*, Gorman seeks to pursue a defamation claim against MBNA based

5  upon its alleged reporting of inaccurate information to credit reporting agencies after 2003

6  when MBNA received notice of Gorman's dispute.  Complaint ¶¶ 7-8.  But this alleged

7  conduct by MBNA is the same "subject matter" governed under section 1681s-2(a)(1)(A) of

8  the FCRA.  Accordingly, Gorman's libel claim is preempted by section 1681t(b)(1)(F) of the

9  FCRA and it must be dismissed.

10

11       **B.**    **The Second Cause Of Action For Alleged Violations of Section 1785.25 of the California Civil Code is Preempted by The FCRA**

12

13       In his Second Cause of Action, Gorman alleges that MBNA provided "incomplete

   and inaccurate" information about him to consumer credit reporting agencies in violation of
14
   section 1785.25 of the California Civil Code, which is part of the California Credit
15
   Reporting Agencies Act (the "CCRAA").  This Court has repeatedly held, however, that a
16
   consumer cannot pursue a private right of action under the CCRAA because sections
17

18

19     [2] While it appears that no circuit court has ruled on whether a defamation claim of this
   type is preempted by the FCRA, numerous other district courts have reached the same result.
20 *See Alkagi v. Nationscredit Fin. Servs. Corp.,* 196 F. Supp.2d 1186, 1194-95 (D. Kan.
   2002)(defamation claim based upon conduct arising after receipt of notice of dispute was
21 preempted by section 1681t(b)(1)(F)); *Malm v. Household Bank*, 2004 WL 1559370, at \*6 (D.
   Minn. 2004)(*slip copy*) (same); *Riley v. General Motors Acceptance Corporation*, 226 F. Supp.
22 2d 1316, 1322-25 (S. D. Ala. 2002) (same); *Bank One v. Colley,* 294 F. Supp. 2d 864, 869
   (M.D. La. 2003) (same); *Hasvold v. First USA Bank, N.A.,* 194 F. Supp.2d 1228, 1239 (D. Wyo.
23 2002) (holding that "all" state causes of action relating to the responsibilities of furnishers of
   information are preempted by section 1681t(b)(1)(F)); *Purcell v. Universal Bank, N.A.*, 2003
24 WL 1962376, \*5 (E.D. Pa. 2003) (same).  The *Davis* court was aware of only one case holding
   that common law tort claims did not fall within the preemption provided by section
25 1681t(b)(1)(F). *Davis*, at \*40 (citing *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 931
   (N.D. Ill. 2000)).  There have been others. *See, e.g., Carlson v. TransUnion*, 259 F. Supp. 2d
26 517, 521 (N. D. Tex. 2003); *Jeffery v. TransUnion*, 273 F. Supp. 2d 725 (E.D. Va. 2003).

27

28

1   1785.25(g) and 1785.31 of the California Civil Code are preempted by section

2   1681t(b)(1)(F) of the FCRA.  *See Lin v. Universal Card Services Corporation*, 238 F. Supp.

3   2d 1147, 1152 (N. D. Cal. 2002); *Quigley v. Pennsylvania Higher Education Assistance*

4   *Agency*, 2000 WL 1721069, at *3 (N. D. Cal. 2000).  Thus, the Second Cause of action must

5   be dismissed.

6        The plaintiff in *Lin* alleged that a credit card issuer had inaccurately reported

7   information about him to credit reporting agencies in violation of section 1785.25(a) of the

8   California Civil Code.  *Lin*, 238 F. Supp. 2d at 1149.  This Court acknowledged in *Lin* that

9   section 1785.25(a) of the California Civil Code was expressly exempted from the

10  preemptive effect of section 1681t(b)(1)(F)(ii) of the FCRA.  *Id*. at 1151.  However, the

11  Court also noted that the two sections of the California Civil Code which confer a private

12  right of action to consumers for violations of the CCRAA (namely, sections 1785.25(g) and

13  1785.31) were <u>not</u> exempted from preemption.  *Id*. at 1152-53.  As a result, this Court

14  dismissed the plaintiff's section 1785.25 claim.  *Id*.  at 1153.  *Accord Quigley*, 2000 WL at

15  *3 (holding that any private right of action under the California Civil Code based upon the

16  conduct of a furnisher of information is preempted by the FCRA).

17       Here, as in *Lin* and *Quigley*, Gorman seeks to pursue a section 1785.25 claim against

18  MBNA based upon MBNA's alleged conduct in providing "incomplete and inaccurate"

19  information about him to various consumer credit reporting agencies.  Complaint ¶ 19.  This

20  claim is expressly preempted by section 1681t(b)(1)(F) of  the FCRA and must fail.

21

22       **C.    The Third And Fourth Causes of Action For Alleged Violations of The**
         **FCRA Fail Because There Is No Private Right of Action Based On A**
23       **Furnisher's Alleged Breach of Its Duty To Accurately Report To A Credit**
         **Reporting Agency**
24
         In his Third and Fourth Causes of Action, Gorman alleges that MBNA "wilfully"
25
    and/or "negligently" violated its duties under the FCRA when MBNA furnished information
26
    about him to credit reporting agencies.  Complaint ¶¶ 27, 32.  Both claims must fail,
27
    however, since the Ninth Circuit has already determined that no private right of action exists
28

1    for alleged violations of a furnisher's duty under section 1681s-2(a) of the FCRA to

2    accurately report information to credit reporting agencies.  *See Nelson v. Chase Manhattan*

3    *Mortgage Corp.,* 282 F.3d 1057, 1059 (9th Cir. 2002).

4          In *Nelson*, the plaintiff claimed that a bank violated the FCRA when the bank

5    mistakenly reported to credit reporting agencies that his loan had been discharged in

6    bankruptcy.  *Nelson*, 282 F.3d at 1058.  The Court observed that furnishers have an

7    affirmative duty to report complete and accurate information to credit reporting agencies

8    under section 1681s-2(a) of the FCRA.  *Id.* at 1059.  However, *Nelson* recognized that two

9    other subsections of the FCRA (sections 1681s-2(c) and 1681s-2(d)), expressly provide that

10   there is <u>no</u> private right of action to enforce the obligations established by section 1681s-2(a)

11   of the FCRA.  *Id*.  A furnisher's duties under section 1681s-2(a) of the FCRA must be

12   exclusively enforced by the federal and state officials identified in the statute.  *Id*. at 1059.

13         Here, like the plaintiff in *Nelson*, the allegations of Gorman's Third and Fourth

14   Causes of Action clearly fall within the ambit of MBNA's alleged duties under section

15   1681s-2(a) of the FCRA.  Gorman alleges that MBNA willfully and negligently failed "to

16   comply with the requirements of the FCRA with regard to the furnishing of information

17   about plaintiff."  Complaint ¶¶ 27, 32.  Under *Nelson*, there is no private right of action to

18   enforce MBNA's section 1681s-2(a) duties, and these claims must also be dismissed.

19

20         **D.    The Fifth Cause of Action Fails Since MBNA is Not a "Debt Collector"**
                  **Within The Meaning of The FDCPA**
21

22         In his Fifth Cause of Action, Gorman alleges that "defendants" violated various

23   provisions of the FDCPA (15 U. S. C. §1692 *et seq.*) when they allegedly "repeatedly and

24   knowingly" contacted Gorman at home and at work in a manner that was "harassing,

25   threatening, abusive, oppressive, and annoying."  Complaint ¶ 35.  The claim must fail,

26   however, since MBNA is a creditor, not a "debt collector" within the meaning of the Act.

27         The FDCPA expressly limits its application to the conduct of a "debt collector" which

28   is defined as:

1     any person who uses any instrumentality of interstate commerce or the mails in any
    business the principle purpose of which is the collection of any debts, or who

2     regularly collects or attempts to collect, directly or indirectly, debts owed or due or
    asserted to be owed or ***due another***.

3

4   *See* 15 U.S.C. §1692a(6)(emphasis added); *see also Montgomery v. Huntington Bank*, 346

5   F.3d 693, 699 (6th Cir. 2003)(noting agreement among federal courts that "a creditor is not a

6   debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA

7   when collecting their accounts."). It is undisputed that Gorman is alleging that MBNA was

8   the creditor that owned his debt. Complaint ¶¶ 4, 7-8. Since the FDCPA applies to "debt

9   collectors" but not to creditors like MBNA that are attempting to collect on their own debts,

10   the Fifth Cause of Action must be dismissed.

11

12   **IV.**     **CONCLUSION**

13       For each of the foregoing reasons, defendant MBNA respectfully requests that this

14   Court enter and Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

15   dismissing the claims asserted against MBNA, with prejudice, and without leave to amend.

16   DATED: November 1, 2004         WINEBERG, SIMMONDS & NARITA LLP

17                             TOMIO B. NARITA

18

19

20                             By:_____/s/_____

21

22                             Tomio B. Narita
                            Attorney for Defendants

23                             Wolpoff & Abramson, L.L.P and MBNA
                            America Bank, N.A.

24

25

26

27

28