JOHN C. GORMAN, #91515
CRAIG A. HANSEN, # 209622
GORMAN & MILLER, P.C.
210 N. Fourth Street, Suite 200
San Jose, CA  95112
(408) 297-2222 (phone)
(408) 297-2224 (fax)

Attorneys for Plaintiff
John Gorman

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GORMAN, an individual;<br><br>        Plaintiff;<br><br> v.<br><br>WOLPOFF & ABRAMSON, L.L.P.;<br>MBNA AMERICA BANK, N.A., and<br>DOES 1 through 100, inclusive;<br><br>        Defendants. | Case No. C-04-4507 JW<br><br>FIRST AMENDED COMPLAINT FOR<br>LIBEL; BREACH OF WRITTEN<br>CONTRACT; VIOLATION OF CAL.<br>CIV. CODE § 1785.25;<br>VIOLATION OF 15 U.S.C. §<br>1681n; VIOLATION OF 15<br>U.S.C. § 1681o; VIOLATION OF<br>FAIR DEBT COLLECTION<br>PRACTICES ACT |

Plaintiff John Gorman ("Gorman") hereby alleges as follows:

1.   Plaintiff Gorman is an individual residing in the County of Santa Clara, State of California and is an attorney licensed by the State of California.

2.   On information and belief, defendant Wolpoff & Abramson, L.L.P. ("Wolpoff") is a limited liability partnership doing business in the State of California.  On further information and belief, Wolpoff's legal practice includes the regular handling of debt collection cases throughout the State of California, including in the County of Santa Clara, State of California.

3.   On information and belief, MBNA America Bank, N.A.

("MBNA") is a corporation that issues credit cards on a nationwide basis, including to individuals residing in the County of Santa Clara, State of California.

4.    Plaintiff is the former holder of an MBNA Visa credit card.

5.    The true names and capacities, whether individual, corporate, associate or other, of the defendants sued herein as Does 1 through 100, inclusive, are unknown to plaintiff, who sues said defendants by such fictitious names pursuant to Code of Civil Procedure Section 474.  When the true names and capacities of such defendants are ascertained, plaintiff shall amend this complaint to insert the same.  Plaintiff is informed and believes, and based thereon alleges, that each such fictitiously named defendant herein is responsible for each of the acts and omissions alleged herein.

6.    On information and belief, at all times mentioned herein, the defendants, and each of them, were acting on their own behalf and as the agents, servants, partners, joint venturers, and employees of each other, and within the scope of their agency, authority and employment.

7.    In or about 2003, a dispute arose between plaintiff and defendants MBNA and Does 1 through 5 and 50 through 75 regarding certain charges posted by MBNA to plaintiff's credit card account.

8.    Plaintiff timely notified defendants MBNA and Does 1 through 5 and 50 through 75 in writing that the credit card charges in question were not legitimate and were disputed.  Said defendants temporarily removed the disputed charges from plaintiff's account but eventually re-posted the disputed charges.  Said defendants thereafter wrongfully refused to remove the disputed charges

despite multiple requests from plaintiff.

9.   MBNA and Does 1 through 5 and 50 through 75 subsequently retained Wolpoff to initiate legal action against plaintiff.

10.   During 2003 and continuing through late February 2004, the defendants placed multiple telephone calls to plaintiff at his residence and his office and made threatening and harassing phone calls regarding the alleged debt, despite being requested by plaintiff both orally and in writing to cease and desist making such telephone communications.

11.   Defendants MBNA and Does 1 through 5 and 50 through 75 have falsely reported to various credit reporting agencies that plaintiff is delinquent on obligations allegedly owed to MBNA. Such defendants have further willfully failed to note that the alleged debt is disputed by plaintiff.

12.   Plaintiff discovered that defendants MBNA and Does 1 through 5 and 50 through 75 were providing inaccurate and incomplete information about him in spring 2004.  Plaintiff thereupon requested in writing that such defendants correct the defamatory information and also notified the various credit reporting bureaus that the information provided by MBNA was disputed, mistaken, and that it should be corrected.  On information and belief, MBNA and Does 1 through 5 and 50 through 75 notified by the various credit reporting agencies of the existence of plaintiff's dispute and thereafter failed to conduct an incomplete and insufficient investigation.  These defendants have further failed to take any corrective action and continue to report the debt as delinquent and without indicating that the charges are disputed by plaintiff.

FIRST CAUSE OF ACTION

(Libel)

13.  Plaintiff repeats and realleges paragraphs 1 through 12.

14.  The conduct of defendants MBNA and Does 1 through 5 and 50 through 75 constitutes libel that tends to defame, disparage, and injure plaintiff in his business and reputation and has also caused pain and suffering.

15.  As a result of said defendants' acts and omissions, plaintiff has been injured in an amount yet to be ascertained but believed to exceed the sum of $210,000.00.

16.  The conduct of these defendants as alleged herein was willful, fraudulent, malicious, and oppressive.  As a result, plaintiff requests an award of punitive damages in the sum of at least  $300,000.00.

SECOND CAUSE OF ACTION

(Violation of Cal. Civ. Code § 1785.25)

17.  Plaintiff repeats and realleges paragraphs 1 through 16.

18.  Cal. Civ. Code prohibits any person from furnishing to a credit reporting bureau information that such person knows or should know is incomplete or inaccurate.

19.  Defendants MBNA and Does 1 through 5 and 50 through 75 have willfully and intentionally violated Cal. Civ. Code § 1785.25 by providing incomplete and inaccurate information concerning plaintiff to various consumer credit reporting agencies.

20.  Plaintiff is entitled to relief for said defendants' misconduct under Cal. Civ. Code § 1785.31, including actual damages, court costs, loss of wages, attorneys' fees, pain and suffering, punitive damages, and injunctive relief.

4

21.   As a direct result of said defendants' breach, plaintiff has been injured in his business and reputation.   Plaintiff's damages are not yet ascertained but are believed to exceed the sum of $200,000.00.

22.   Plaintiff has also suffered pain and suffering in the amount of $150,000.00.

23.   Plaintiff is also entitled to an award of statutory punitive damages in the amount of $5,000.00 for each violation committed by defendants MBNA and Does 1 through 5 and 50 through 75.

<u>THIRD CAUSE OF ACTION</u>

(Violation of 15 U.S.C. § 1681n)

24.   Plaintiff repeats and realleges paragraphs 1 through 23.

25.   Defendants MBNA and Does 1 through 5 and 50 through 75 are furnishers of credit information subject to the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 <u>et seq</u>.

26.   The FCRA requires that each of these defendants accurately report credit information about consumers to credit reporting agencies, report the existence of any dispute about any allegedly delinquent charges, and promptly verify and correct any contested information provided by them to a credit reporting bureau.

27.   Said defendants have willfully failed to comply with the requirements of the FRCA with regard to the furnishing of information about plaintiff in violation of 15 U.S.C. § 1681n.

28.   Plaintiff is entitled to recover actual damages of $1,000; punitive damages, costs of suit, and reasonable attorneys' fees.

<u>FOURTH CAUSE OF ACTION</u>

(Violation of 15 U.S.C. § 1681o)

29.  Plaintiff repeats and realleges paragraphs 1 through 28.

30.  Defendants MBNA and Does 1 through 5 and 50 through 75 are furnishers of credit information subject to the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 <u>et seq</u>.

31.  The FCRA requires that these defendants accurately report credit information about consumers to credit reporting agencies, report the existence of any dispute about any allegedly delinquent charges, and promptly verify and correct any contested information provided by them to a credit reporting bureau.

32.  On information and belief, such defendants have negligently failed to comply with the requirements of the FRCA with regard to the furnishing of information about plaintiff in violation of 15 U.S.C. § 1681o.

33.  Plaintiff is entitled to recover actual damages, costs of suit, and reasonable attorneys' fees.

<u>FIFTH CAUSE OF ACTION</u>

(Violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692(c) and § 1692d)

34.  Plaintiff repeats and realleges paragraphs 1 through 33.

35.  Each of the defendants acted as a debt collector.  Each defendant repeatedly and knowingly contacted plaintiff at both his home and office by way of telephone during the period from late 2003 and continuing through on or about late February 2004 for the purpose of making harassing, threatening, abusive, oppressive, and annoying telephone calls and has otherwise used unfair and deceptive practices to attempt to collect the alleged debt.  The

calls placed by the defendants were made at various times of day, including but not limited to early mornings and late in the evening.  Such calls continued to be made despite the prior oral and written requests made by plaintiff directing that the defendants communicate with him only in writing and not by telephone.

36.  Plaintiff is entitled to recover his actual damages, a penalty of up to $1,000.00, and reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

Wherefore, plaintiff prays for judgment against the defendants as follows:

1.  Damages according to proof and as authorized by law;

2.  Punitive damages and statutory penalties;

3.  Costs and attorneys' fees as permitted by law;

4.  Interest;

5.  Injunctive relief; and

6.  Such other relief as may be just and proper.


GORMAN & MILLER, P.C.


By_____/s/_____
CRAIG A. HANSEN
Attorneys for Plaintiff

First Amended Complaint, Case No. C-04-4507 JW