IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| John Gorman, | NO. C 04-04507 JW |
| Plaintiff(s), | |
| v. | **ORDER GRANTING MOTIONS TO DISMISS** |
| Wolpoff & Abramson, LLP, et al, | |
| Defendant(s). | |

## I. INTRODUCTION

John Gorman ("Gorman" or "Plaintiff") filed a Complaint against MBNA and MBNA's attorney, Wolpoff & Abramson, alleging libel and violations of various state and federal fair credit reporting and debt collection statutes. MBNA and Wolpoff & Abramson (collectively "Defendants") each filed a Motion to Dismiss the Complaint. Plaintiff failed to file an Opposition, and instead filed a First Amended Complaint. The Court dismissed Plaintiff's First Amended Complaint, but has granted a Motion for Reconsideration because, technically, the First Amended Complaint rendered moot Defendants' Motions to Dismiss. Defendants have each filed a Motion to Dismiss the First Amended Complaint. Based on all papers filed to date and the hearing conducted on April 25, 2005, the Court grants Defendants' Motions to Dismiss.

## II. BACKGROUND

Gorman's First Amended Complaint ("FAC") alleges the following facts. Gorman is an

attorney and a former holder of a MBNA Visa credit card. (FAC ¶ 4.) "In or about 2003," Gorman "timely" gave notice that he disputed the legitimacy of "certain charges" that were posted to his account. (FAC ¶¶ 7, 8.) Upon receiving the written notification, MBNA temporarily removed the charges, but later reposted them and refused to remove them again. (FAC ¶ 8.) MBNA retained Wolpoff & Abramson, a law firm that handles debt collection cases, to initiate legal action against Gorman. (FAC ¶¶ 2, 9.) From 2003 through 2004, MBNA and Wolpoff & Abramson placed multiple "threatening and harassing" telephone calls to Gorman's residence and office regarding his alleged debt. (FAC ¶ 10.) Gorman requested in writing that they cease making such telephone communications. (FAC ¶ 10.)

In Spring 2004, Gorman discovered that MBNA was "falsely and inaccurately reporting" to various credit reporting agencies that he was delinquent on his obligations to MBNA, without reporting that the debt was "disputed." (FAC ¶¶ 11, 12.) Gorman wrote MBNA, requesting that it correct the information. (FAC ¶ 10.) He also wrote the credit reporting agencies to notify them that MBNA's information was "disputed, mistaken and [should] be corrected." (FAC ¶ 12.) The credit reporting agencies, in turn, notified MBNA about Gorman's dispute. (FAC ¶ 12.) MBNA did not conduct a "complete and sufficient investigation,"[1] and continues to report Gorman's debt as delinquent without indicating that the charges are disputed. (FAC ¶ 12.)

Gorman filed the underlying First Amended Complaint, asserting against MBNA claims based on libel and violations of California Civil Code § 1785.25(a) (furnishing incomplete or inaccurate information to a credit reporting agency), the Fair Credit Reporting Act ("FCRA") (15 U.S.C. §§ 1681n (willful violation of the FCRA), 1681o (negligent violation of the FCRA)) and the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. §§ 1692c (improper debt collection

---

[1] Gorman actually alleges that MBNA "failed to conduct an incomplete and insufficient investigation." The Court presumes this double negative was careless error and, therefore, construes the allegation to aver that MBNA failed to conduct a complete and sufficient investigation.

2

1  communications),[2] 1692d (harassment or abuse)).[3] The First Amended Complaint also asserts a claim
2  against Wolpoff & Abramson for violating the FDCPA. (FAC ¶¶ 34-36.) MBNA and Wolpoff &
3  Abramson, each filed a Motion to Dismiss the First Amended Complaint based on FED. R. CIV. P.
4  12(b).

## III. STANDARDS

A complaint can be dismissed if it fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A complaint can fail to state a claim if it fails to allege sufficient facts under a cognizable legal claim. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In ruling on a motion to dismiss, the Court must accept all allegations of material fact as true and must construe those allegations in the light most favorable to the non-moving party. Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enterprises, 476 F.2d 393, 396 (9th Cir. 1973). A Rule 12(b)(6) motion must not be granted unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997).

## IV. DISCUSSION

Defendant MBNA argues that Plaintiff's libel and CAL. CIV. CODE § 1785.25 claims should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) because they are preempted by the FCRA. (Mem. of P. & A. in Supp. of MBNA's Mot. to Dismiss FAC at 3-7.) MBNA also argues that the FCRA claims should be dismissed because there is no private right of action and, even if there is, sufficient facts have not been alleged to state a claim. (Id. at 8-10.) Defendant Wolpoff & Abramson argues that the FDCPA claim should be dismissed because the First Amended Complaint contains nothing except

---

[2] Gorman's First Amended Complaint alleges a violation of 15 U.S.C. § 1692(c). Because it appears that Plaintiff intended to allege a violation of § 1692c, the Court will construe it as the latter.

[3] In his Opposition to MBNA's Motion to Dismiss the First Amended Complaint, Gorman agreed to voluntarily dismiss his FDCPA claim against MBNA. (Plaintiff's Mem. P. & A. in Opp'n to MBNA's Mot. to Dismiss FAC at 3,19.)

conclusory allegations. (Mem. of P. & A. in Supp. of Wolpoff & Abramson's Mot. to Dismiss FAC at 3-8.) The Court will address each claim seriatim.

**A. Preemption**

Not all state claims related to credit reporting are preempted by the FCRA. 15 U.S.C. § 1681t(a). Subsection 1681t(b), however, preempts all state claims to the extent that they regulate the responsibilities of persons who furnish information to consumer reporting agencies. Compare 15 U.S.C. § 1681t(b)(1)(F) (preempting state law that imposes requirements or prohibitions on subject matter regulated by § 1681s-2) and 15 U.S.C. § 1681s-2 (regulating the responsibilities of persons who furnish information to consumer reporting agencies)

**1. Plaintiff's Libel Claim Is Not Preempted, But Is Not Sufficiently Stated**

MBNA argues that Plaintiff's libel claim is preempted by §1681t(b) since it attempts to regulate MBNA's responsibilities as a furnisher of information to credit reporting agencies. (Mem. P. & A. in Supp. of MBNA's Mot. to Dismiss FAC at 3-4.) Plaintiff does not appear to dispute that his claim would be preempted if § 1681t(b) were the only relevant provision. Rather, Plaintiff argues that his libel claim is not preempted by § 1681t(b) because another subsection of the FCRA, § 1681h(e), specifically allows him to state a cognizable libel claim by alleging "malice" or "willful intent to injure." (Plaintiff's Mem. P. & A. in Opp'n to MBNA's Mot. to Dismiss FAC at 10,11.)

The FCRA contains multiple preemption provisions—some general, some specific. Gordon v. Greenpoint Credit, 266 F. Supp. 2d 1007, 1013 (S.D. Iowa 2003). Subsection 1681t(b) is a general preemption provision. Id. (noting that § 1681t is entitled "General exceptions"). Subsection 1681h(e), by contrast, is a specific provision that preempts, inter alia, certain defamation claims. Id. (finding that § 1681h(e) is a much narrower preemption provision than §1681t(b)). Section 1681h provides in relevant part:

> (e) Limitation of liability. . . . [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer.

4

15 U.S.C. § 1681h (2005). Subsection 1681h(e) preempts only defamation actions that do not allege malice or willful intent to injure. Swecker v. Trans Union Corp., 31 F. Supp. 2d 536, 539 (E.D. Va. 1998).

Gorman's libel claim is not preempted by the FCRA because it alleges malice or willful intent to injure, even if it otherwise would be preempted by § 1681t(b). One canon of statutory construction mandates that a general statute yield when there is a specific statute involving the same subject matter. In re Garmon, 572 F.2d 1373, 1376 (9th Cir. 1978). Section 1681h(e) is a more specific statute, which preempts only a limited number of common law torts rather than all state claims that regulate furnishers of information to credit reporting agency. Consequently, § 1681t(b) must yield if it involves the same subject matter as § 1681h(e). Here, it does. The Court can analyze MBNA's alleged reporting of libelous information under either subsection. Thus, § 1681t(b) must yield to § 1681h(e). Section 1681h(e) permits Gorman to bring his claim for libel so long as he alleges maliciousness or willfulness.

The Court realizes that its holding today conflicts with Davis v. Maryland Bank, which holds that § 1681t(b)(1)(F) preempts all state claims based on conduct falling within the coverage of 1681s-2, even malicious and willful tortious conduct. 2002 WL 32713429 (N.D. Cal. 2002). In Davis, the Court reconciled the apparent conflict between the general and specific statutes by applying § 1681h(e) only to conduct that is not already governed by 1681s-2 and thereby preempted by 1681t(b). Davis at *14 (concluding that where a furnisher of information calls a consumer a "liar", such conduct is not governed by 1681s-2 and, therefore, a claim for intentional inflection of emotional distress may be filed; however, where a furnisher of information fails to properly investigate information disclosed to a credit reporting agency, such conduct is governed by 1681s-2 and, therefore, any claim for negligence is preempted). The Court is not persuaded by the logic in Davis because it violates a canon of statutory construction by allowing a general statute to trump a specific statute.

Gorman's libel claim is not preempted, but its dismissal is still proper because Gorman fails to allege sufficient facts. Robertson, 749 F.2d at 534. Gorman uses non-descriptive phrases (e.g.,

5

"[i]n or about 2003" and "a dispute arose") and legal conclusions (e.g., "Plaintiff timely notified", "defamatory information", "threatening and harassing", "wrongfully refused", "sufficient investigation",  and "should be corrected") throughout his First Amended Complaint (FAC ¶¶ 7-8, 10-12) and, thereby, fails to give MBNA sufficient notice of his claim.  Gulf Coast Western Oil Co. v. Trapp, 165 F.2d 343, 348 (10th Cir. 1947) (holding that even under the liberal rules of pleading, a complaint must particularize the issue sufficiently to enable the defendant to prepare its defense).  The First Amended Complaint merely recites the elements necessary to state a FCRA or FDCPA claim, without alleging facts to fill those elements.  MBNA's defense may vary dramatically if the alleged defamatory statements were made after, rather than before, Wolpoff & Abramson concluded its legal proceedings on MBNA's behalf.  Gorman fails to give notice of even one particular statement that is false and, thus, dismissal of the libel claim is proper.  Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004) (stating that "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss").

Gorman's libel claim is dismissed with leave to amend.  On leave, the complaint should be amended to identify which statements are libelous and when they were made.

**2. Plaintiff's California Civil Code § 1785.25 Claim Is Preempted**

MBNA argues § 1681t(b) also preempts Gorman's claim for violation of the California Civil Code. (Mem. of P. & A. in Supp. of MBNA's Mot. to Dismiss FAC at 7.)  Gorman argues that because a subsection of § 1681t(b) excepts from preemption CAL. CIV. CODE § 1785.25(a), he can bring suit for a violation of the Civil Code. (Plaintiff's Mem. of P. & A. in Opp'n to MBNA's Mot. to Dismiss FAC at 11-15.)

California Civil Code § 1785.25(a) provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." CAL. CIV. CODE § 1785.25(a).  California grants a private right of action to enforce this provision in §§ 1785.25(g) and 1785.31.  Subsection 1785.25(g) states that a "person who furnishes information to a consumer credit reporting agency is

6

liable for failure to comply with the section, unless the furnisher establishes by a preponderance of the evidence that, at the time of the failure to comply with the section, the furnisher maintained reasonable procedures to comply with those provisions." CAL. CIV. CODE § 1785.25(g). Section 1785.31 provides to "'any consumer who suffers damages as a result of a violation of this title' the ability to 'bring an action in a court of appropriate jurisdiction against that person.'" Lin v. Universal Card Servs. Corp., 238 F. Supp. 2d 1147, 1152 (N.D. Cal. 2002) (quoting CAL. CIV. CODE § 1785.31). When Congress enacted the FCRA, it expressly saved California Civil Code 1785.25(a) from preemption by carving out an exception for that subsection in the preemption provision, but it did not similarly save § 1785.25(g) or § 1785.31. Id. at 1152; see also Quigley v. Pennsylvania Higher Edu. Assist. Agency, 2000 WL 1721069 at *3 (N.D. Cal. 2000) (analyzing 15 U.S.C. § 1681t(b)(1)(F)(ii)).

Although § 1785.25(a) of the California Civil Code is not preempted and, therefore, MBNA can be held liable if it violated that statute, the proper parties to pursue such liability are Federal and State officials. Lin, 238 F. Supp. 2d at 1152. The FCRA did not except from preemption § 1785.25(g) or § 1785.31, and thus those sections are preempted by 15 U.S.C. § 1681t(b)(1)(F). Id. Without the benefit of those sections, Gorman has no private right of action to bring suit for a violation of § 1785.25(a). Quigley, at *3; Lin at 1152.

Dismissal of the claim based on CAL. CIV. CODE § 1785.25 is proper.

**B. A Limited Private Right of Action Exists, But Plaintiff Fails to Sufficiently State a FCRA Claim**

Gorman argues that, regardless of whether the state law claims are preempted by the FCRA, MBNA is liable for violating the FCRA. (Plaintiff's Mem. of P. & A. in Opp'n to MBNA's Mot. to Dismiss FAC at 15-19.) According to Gorman, MBNA violates § 1681s-2 of the FCRA by failing to "accurately report credit information about consumers to credit reporting agencies, [to] report the existence of any dispute about any allegedly delinquent charges, and [to] promptly verify and correct any contested information provided by them to a credit reporting bureau." (FAC ¶¶ 26, 27, 31, 32.) Gorman further argues that sections 1681n and 1681o grant a private right of action for violations of § 1681s-2. MBNA counters, however, that dismissal of Gorman's claim is proper because no private

7

1 right of action in fact exists to enforce violations of § 1681s-2(a), and because not enough facts are
2 alleged to state a claim for violation of § 1681s-2(b). (Mem. of P. & A. in Supp. of MBNA's Mot. to
3 Dismiss FAC at 8-10.)

4 The FCRA, 15 U.S.C. § 1681 et seq., provides protections to ensure the "[a]ccuracy and
5 fairness of credit reporting." 15 U.S.C. § 1681(a). Section 1681s-2 regulates the responsibilities of
6 furnishers of information to consumer reporting agencies. Subsection (a) imposes a duty upon
7 furnishers of information to provide accurate information. It prohibits the reporting of erroneous
8 information, imposes a duty to correct and update information, and imposes a duty to provide notice of
9 a consumer's dispute. 15 U.S.C. § 1681s-2(a). Subsection (b) imposes additional duties once the
10 furnisher of information receives notice of the consumer's dispute from a credit reporting agency.
11 This subsection requires the furnisher of information to conduct an investigation, review all relevant
12 information, report the results, and modify, delete or block inaccurate or incomplete information. 15
13 U.S.C. § 1681s-2(b). Generally, all of the provisions of the FCRA can be privately enforced under §§
14 1681n or 1681o if a willful or negligent violation occurs. 15 U.S.C. §§ 1681n, 1681o. The Ninth
15 Circuit has held, however, that subsections (c) and (d) of § 1681s-2 provide that there is no private
16 right of action to enforce the obligations established by § 1681s-2(a). Nelson v. Chase Manhattan
17 Mortgage Co., 282 F.3d 1057, 1059 (9th Cir. 2002) (stating "private enforcement under §§ n & o is
18 excluded"). Those obligations must be enforced by federal and state officials. Id.

19 No private right of action exists to redress violations of 1681s-2(a), and therefore the § 1681n
20 and § 1681o claims can survive MBNA's motion to dismiss only if Gorman can base them on willful
21 and negligent violations of § 1681s-2(b). Id.

22 The FCRA claims fail because they are also based on non-descriptive phrases and legal
23 conclusions. However, the allegations in the First Amended Complaint provide the framework of a
24 cognizable FCRA claim, and thus leave to amend should be granted. Gorman alleges that MBNA
25 received notice of his dispute from the credit reporting agencies, thus triggering the duties imposed by
26 subsection 1681s-2(b). (FAC ¶ 12.) Gorman further alleges that those duties were violated because

8

the debt was not delinquent, yet MBNA maliciously and willfully "failed to take any corrective action and continue[d] to report the debt as delinquent without indicating that the charges are disputed . . . ." (FAC ¶¶ 12, 27, 39, 32.)  This violates § 1681s-2(b)'s mandate that inaccurate information must be modified, deleted or blocked.

The claims based on 15 U.S.C. § 1681n and § 1681o are dismissed with leave to amend.

**C. The Fair Debt Collection Practices Act Claim Is Not Sufficiently Stated**

Gorman's FDCPA claim is asserted only against Wolpoff & Abramson.  (Mem. of P. & A. in Opp'n to MBNA's Mot. to Dismiss FAC at 3, 19.)  Plaintiff alleges that Wolpoff & Abramson is a debt collector that has violated 15 U.S.C. §§ 1692c and 1692d.  (FAC ¶¶ 34-36.)

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  Section 1692c proscribes certain debt collection communications.  It prohibits communications "at any unusual time or place" and "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."  15 U.S.C. § 1692c(a).  Once the consumer notifies the debt collector in writing that he wishes the debt collector to cease further communication, the debt collector can initiate further communications only for limited purposes.  15 U.S.C. § 1692c(c).  Section 1692d proscribes harassment or abuse such as threats of violence, profane language, etc.  15 U.S.C. § 1692d.

Gorman only alleges conclusory statements and fails to satisfy even the liberal pleading standards of Rule 8 of the Federal Rules of Civil Procedure.  <u>Robertson</u>, 749 F.2d at 534 (stating that "[a] complaint may be dismissed as a matter of law for . . . insufficient fact[ual allegations]").  Wolpoff & Abramson cannot be expected to craft a responsive pleading when Gorman fails to allege the date or contents of even one call that Wolpoff & Abramson allegedly made.  Moreover, even assuming that Wolpoff & Abramson called Gorman's place of employment, such a call does not

9

violate § 1692c because Gorman does not allege that Wolpoff & Abramson had reason to know Gorman's employer prohibits the call. 15 U.S.C. § 1692c(a) (requiring debt collectors to know or have reason to know that the consumer's employer prohibits debt collection communications to trigger the duty to refrain from communicating). Likewise, Gorman's allegation that he received "harassing, threatening, abusive, oppressive, and annoying telephone calls" is conclusory and insufficient to state a claim based on § 1692d. Robertson, 749 F.2d at 534.

The FDCPA claim is dismissed with leave to amend.

## V.  CONCLUSION

The Court GRANTS MBNA's and Wolpoff & Abramson's Motions to Dismiss. Plaintiff's California Civil Code § 1785.25 claim is dismissed without leave to amend. Plaintiff's FCRA claims based on 15 U.S.C. § 1681s-2(b), Plaintiff's libel claim, and Plaintiff's FDCPA claim are all dismissed with leave to amend. Plaintiff shall file his Second Amended Complaint on or before June 24, 2005.

Dated:  May 4, 2005                                    /s/James Ware
                                                       JAMES WARE
04cv4507mtd                                            United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Craig Alan Hansen chansen@gormanmiller.com
John C. Gorman jgorman@gormanmiller.com
Tomio B. Narita tnarita@wsnlaw.com
William A. Wineberg wineb@wsnlaw.com

**Dated:  May 4, 2005**                                    **Richard W. Wieking, Clerk**

                                                           **By:/s/JWchambers**
                                                               **Ronald L. Davis**
                                                               **Courtroom Deputy**

United States District Court
For the Northern District of California