1  JOHN C. GORMAN, #91515
   CRAIG A. HANSEN, # 209622
2  GORMAN & MILLER, P.C.
   210 N. Fourth Street, Suite 200
3  San Jose, CA  95112
   (408) 297-2222 (phone)
4  (408) 297-2224 (fax)

5  Attorneys for Plaintiff
   John Gorman

6

7

8                  UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 JOHN GORMAN, an individual;        Case No. C-04-4507 JW

12         Plaintiff;                 SECOND AMENDED COMPLAINT FOR
                                      LIBEL; BREACH OF WRITTEN
13  v.                                CONTRACT; VIOLATION OF CAL.
                                      CIV. CODE § 1785.25;
14 WOLPOFF & ABRAMSON, L.L.P.;        VIOLATION OF 15 U.S.C. §
   MBNA AMERICA BANK, N.A., and       1681n; VIOLATION OF 15
15 DOES 1 through 100, inclusive;     U.S.C. § 1681o; VIOLATION OF
                                      FAIR DEBT COLLECTION
16         Defendants.                PRACTICES ACT

17

18       Plaintiff John Gorman ("Gorman") hereby alleges as follows:

19       1.   Plaintiff Gorman is an individual residing in the County

20 of Santa Clara, State of California and is an attorney licensed by

21 the State of California.

22       2.   On information and belief, defendant Wolpoff & Abramson,

23 L.L.P. ("Wolpoff") is a limited liability partnership doing

24 business in the State of California.  On further information and

25 belief, Wolpoff's legal practice includes the regular handling of

26 debt collection cases throughout the State of California, including

27 in the County of Santa Clara, State of California.

28       3.   On information and belief, MBNA America Bank, N.A.

                                1

1   ("MBNA") is a corporation that issues credit cards on a nationwide

2   basis, including to individuals residing in the County of Santa

3   Clara, State of California.

4        4.   Plaintiff is the former holder of an MBNA Visa credit

5   card.  Plaintiff's MBNA Visa card was issued in the early 1980's

6   and plaintiff consistently paid charges billed to his MBNA Visa

7   account in a timely manner.

8        5.   The true names and capacities, whether individual,

9   corporate, associate or other, of the defendants sued herein as

10  Does 1 through 100, inclusive, are unknown to plaintiff, who sues

11  said defendants by such fictitious names pursuant to Code of Civil

12  Procedure Section 474.  When the true names and capacities of such

13  defendants are ascertained, plaintiff shall amend this complaint to

14  insert the same.  Plaintiff is informed and believes, and based

15  thereon alleges, that each such fictitiously named defendant herein

16  is responsible for each of the acts and omissions alleged herein.

17       6.   On information and belief, at all times mentioned herein,

18  the defendants, and each of them, were acting on their own behalf

19  and as the agents, servants, partners, joint venturers, and

20  employees of each other, and within the scope of their agency,

21  authority and employment.

22       7.   In or about January and February 2003, a dispute arose

23  between plaintiff and defendants MBNA and Does 1 through 5 and 50

24  through 75 regarding certain charges posted by MBNA to plaintiff's

25  credit card account.  The charges in question were from a company

26  called Four Peaks Entertainment for sale and installation of a

27  satellite dish television system.  The items shipped to plaintiff

28  were supposed to be brand new but instead Four Peaks Entertainment

Second Amended Complaint, Case No. C-04-4507 JW

1    shipped used and defective equipment that could not be successfully

2    installed.  In addition, in the process of attempting to install

3    the equipment, the person sent by Four Peaks to do the installation

4    work left a penetration in the roof of plaintiff's residence

5    through which water could intrude and created deep gouges in an

6    expensive home entertainment center.

7         8.    Under federal law, plaintiff had a right to dispute the

8    credit card charges from Four Peaks.  Plaintiff notified defendants

9    MBNA and Does 1 through 5 and 50 through 75 in writing in or about

10   February 2003 that the credit card charges from Four Peaks were

11   disputed and should be removed.  Said defendants temporarily

12   removed the disputed charges from plaintiff's account but

13   eventually re-posted the disputed charges, notwithstanding that

14   plaintiff had given notice of a valid basis to dispute the charges.

15   Said defendants thereafter wrongfully refused to remove the

16   disputed charges despite multiple requests from plaintiff.  The

17   defendants also proceeded to wrongfully impose multiple late fees

18   and finance charges on plaintiff's account.  Plaintiff also

19   disputed such late fees and finance charges but they were not

20   removed.

21        9.    MBNA and Does 1 through 5 and 50 through 75 subsequently

22   retained Wolpoff to attempt to collect the alleged debt as a debt

23   collector.  MBNA subsequently authorized Wolpoff to initiate an

24   arbitration action against plaintiff in or about May 2004.  At no

25   time has plaintiff agreed to arbitrate disputes with MBNA nor was

26   any arbitration demand validly served on plaintiff.  At no time did

27   MBNA file a petition to compel plaintiff to participate in

28   arbitration under CCP § 1281.2.  Likewise, at no time did any

Second Amended Complaint, Case No. C-04-4507 JW

1  arbitration body comply with the California arbitration disclosure

2  requirements related to MBNA's dispute with plaintiff.  To date, no

3  arbitration award has been judicially confirmed in favor of MBNA

4  against plaintiff nor has any judgment ever been obtained by MBNA

5  against plaintiff.  The charges imposed by MBNA remain subject to

6  dispute.

7         10.   Beginning in or about June and July 2003 and continuing

8  through on or about February 20, 2004, defendants MBNA, Wolpoff,

9  and Does 1-20 placed multiple telephone calls to plaintiff at both

10  his residence and his office in an attempt to collect payment of

11  the disputed charges.  On information and belief, the defendants

12  placed at least several hundred telephone calls to plaintiff

13  despite being repeatedly instructed not to call.  Such calls were

14  placed at various times of the day, including early mornings and

15  late at night, as well as on weekends.  The callers would

16  frequently place multiple repeated calls (one after the other),

17  many of which were "computer generated" calls.  If plaintiffs did

18  not answer, the defendants would often make a series of "hang up"

19  calls using an auto-dialer.  Plaintiff repeatedly instructed the

20  callers to stop calling and asked that all communications be made

21  only in writing.  By way of example (and not of limitation), on

22  August 14, 2004, plaintiff received multiple calls from the

23  defendants during a dinner party and asked that the calls

24  immediately stop and also noted that there had been prior requests

25  that no more calls be made to plaintiff's residence and office, yet

26  the defendants continued to place additional calls and interrupt

27  the August 14, 2003 gathering at plaintiff's house.  The defendants

28  said that they would continue to call regardless of plaintiff's

Second Amended Complaint, Case No. C-04-4507 JW

1  requests that the calls cease until the disputed debt was paid.

2  The harassing collection calls placed by Wolpoff and MBNA caused

3  plaintiff to suffer great humiliation, annoyance, mental anguish,

4  disruption of his affairs, and embarrassment.  The defendants also

5  placed numerous calls to plaintiff's office during the period from

6  June/July 2003 through February 2004 regarding the alleged debt,

7  despite being told by plaintiff and his office staff that such debt

8  collection calls were prohibited by the employer, that no further

9  calls should be placed, and that any communications should be made

10  solely in writing.

11       11.  Defendants MBNA and Does 1 through 5 and 50 through 75

12  have falsely reported to Eperian, Trans Union, and Equifax (and

13  possibly other credit reporting bureaus) that plaintiff is

14  delinquent on obligations allegedly owed to MBNA.  Such defendants

15  have further willfully and consistently failed to note that the

16  alleged debt is disputed by plaintiff.

17       12.  Plaintiff discovered that defendants MBNA and Does 1

18  through 5 and 50 through 75 were providing inaccurate and

19  incomplete information about him in or about late April 2004, when

20  plaintiff received and reviewed credit reports from all three of

21  the major credit reporting bureaus (Equifax, Trans Union, and

22  Experian) that reflected his account as a "charge off" account with

23  a substantial "past due" balance that had been "submitted to

24  collection."  The MBNA account was classified as "serious

25  delinquency."  The credit reports did not contain any notation that

26  the amount was disputed by plaintiff.  Plaintiff thereupon notified

27  Equifax, Trans Union, and Experian in writing on May 6, 2004 that

28  the information provided by MBNA was mistaken and that the alleged

5

1 delinquency should be promptly corrected.  On information and

2 belief, each of the three credit reporting bureaus notified MBNA of

3 plaintiff's dispute and asked that MBNA, as the furnisher of the

4 derogatory information, investigate the dispute.  The credit

5 reporting bureaus subsequently notified plaintiff that MBNA would

6 not make any changes or corrections.  Once again, MBNA did not

7 inform the credit reporting bureau that the alleged debt was

8 disputed by plaintiff.  As a result of MBNA's conduct, plaintiff's

9 credit report has continued to reflect the negative information

10 provided by MBNA.  On information and belief, MBNA and Does 1

11 through 5 and 50 through 75 were notified by the various credit

12 reporting agencies of the existence of plaintiff's dispute yet

13 failed to conduct a complete and sufficient investigation.  These

14 defendants have further failed to take any corrective action and

15 continue to report the debt as delinquent and without indicating

16 that the charges are disputed by plaintiff, as required by the

17 FCRA.  Plaintiff also notified MBNA of the fact that it was falsely

18 and misleadingly reporting the alleged debt as delinquent without

19 indicating that the debt was disputed by plaintiff, including a

20 letter sent to MBNA's legal counsel on September 15, 2004.  Once

21 again, no corrective action was taken by the defendants.

22 <center>FIRST CAUSE OF ACTION</center>

23 <center>(Libel)</center>

24    13.  Plaintiff repeats and realleges paragraphs 1 through 12.

25    14.  The conduct of defendants MBNA and Does 1 through 5 and

26 50 through 75 constitutes libel that tends to defame, disparage,

27 and injure plaintiff in his business and reputation and has also

28 caused pain and suffering.  Such libel has occurred on a continuing

<center>6</center>

1 | basis from approximately August 2003 through the present time.

2 |     15.   As a result of defendants' acts and omissions, plaintiff

3 | has been injured in an amount yet to be ascertained but believed to

4 | exceed the sum of $210,000.00.

5 |     16.   The conduct of these defendants as alleged herein was

6 | willful, fraudulent, malicious, and oppressive.  As a result,

7 | plaintiff requests an award of punitive damages in the sum of at

8 | least $300,000.00.

9 |                    SECOND CAUSE OF ACTION

10 |            (Violation of Cal. Civ. Code § 1785.25)

11 |     17.   Plaintiff repeats and realleges paragraphs 1 through 16.

12 | [This court has previously found that the second claim does not

13 | state a cause of action based upon federal preemption.

14 | Consequently, paragraphs 17 through 23 are included for historical

15 | purposes only and plaintiff does not expect a response to these

16 | paragraphs.  However, plaintiff reserves the right to appeal the

17 | dismissal of the Cal. Civ. Code claim.]

18 |     18.   Cal. Civ. Code prohibits any person from furnishing

19 | information to a credit reporting bureau that such person knows or

20 | should know is incomplete or inaccurate.

21 |     19.   Defendants MBNA and Does 1 through 5 and 50 through 75

22 | have willfully and intentionally violated Cal. Civ. Code § 1785.25

23 | by providing incomplete and inaccurate information concerning

24 | plaintiff to various consumer credit reporting agencies.

25 |     20.   Plaintiff is entitled to relief for said defendants'

26 | misconduct under Cal. Civ. Code § 1785.31, including actual

27 | damages, court costs, loss of wages, attorneys' fees, pain and

28 | suffering, punitive damages, and injunctive relief.

Second Amended Complaint, Case No. C-04-4507 JW

21. As a direct result of said defendants' breach, plaintiff has been injured in his business and reputation. Plaintiff's damages are not yet ascertained but are believed to exceed the sum of $200,000.00.

22. Plaintiff has also suffered pain and suffering in the amount of $150,000.00.

23. Plaintiff is also entitled to an award of statutory punitive damages in the amount of $5,000.00 for each violation committed by defendants MBNA and Does 1 through 5 and 50 through 75.

<div align="center">THIRD CAUSE OF ACTION</div>

<div align="center">(Violation of 15 U.S.C. § 1681n)</div>

24. Plaintiff repeats and realleges paragraphs 1 through 23.

25. Defendants MBNA and Does 1 through 5 and 50 through 75 are furnishers of credit information subject to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.

26. The FCRA requires that each of these defendants accurately report credit information about consumers to credit reporting agencies, report the existence of any dispute about any allegedly delinquent charges, and promptly verify and correct any contested information provided by them to a credit reporting bureau.

27. Said defendants have willfully to comply with the requirements of the FRCA with regard to the furnishing of information about plaintiff in violation of 15 U.S.C. § 1681n. On information and belief, MBNA has consistently reported plaintiff's account as being seriously delinquent without noting that the validity of the debt is disputed. Such false and misleading

Second Amended Complaint, Case No. C-04-4507 JW

1   reporting of the alleged debt has occurred from in or about August

2   2003 through the present time.

3        28.   Plaintiff is entitled to recover actual damages of

4   $1,000, punitive damages, costs of suit, and reasonable attorneys'

5   fees.

6                        FOURTH CAUSE OF ACTION

7                   (Violation of 15 U.S.C. § 1681o)

8        29.   Plaintiff repeats and realleges paragraphs 1 through 23.

9        30.   Defendants MBNA and Does 1 through 5 and 50 through 75

10   are furnishers of credit information subject to the Fair Credit

11   Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.

12        31.   The FCRA requires that these defendants accurately report

13   credit information about consumers to credit reporting agencies,

14   report the existence of any dispute about any allegedly delinquent

15   charges, and promptly verify and correct any contested information

16   provided by them to a credit reporting bureau.

17        32.   On information and belief, such defendants have

18   negligently failed to comply with the requirements of the FRCA with

19   regard to the furnishing of information about plaintiff in

20   violation of 15 U.S.C. § 1681o.   On information and belief, MBNA

21   has consistently reported plaintiff's account as being seriously

22   delinquent without noting that the validity of the debt is

23   disputed.   Such false and misleading reporting of the alleged debt

24   has occurred from in or about August 2003 through the present time.

25        33.   Plaintiff is entitled to recover actual damages, costs of

26   suit, and reasonable attorneys' fees.

27                        FIFTH CAUSE OF ACTION

28      (Violation of Fair Debt Collection Practices Act, 15 U.S.C. §

                                    9

1   1692(c) and § 1692d Against Wolpoff and Does 20 through 30)

2       34.   Plaintiff repeats and realleges paragraphs 1 through 33.

3       35.   Each of defendants Wolpoff and Does 20 through 30 has, at

4   all times relevant hereto, acted as a debt collector.  Each of

5   these defendants repeatedly and knowingly contacted plaintiff at

6   both his home and office by way of telephone during the period from

7   mid-2003 and continuing through on or about late February 2004 for

8   the purpose of making harassing, threatening, abusive, oppressive,

9   and annoying telephone calls and has otherwise used unfair and

10  deceptive practices to attempt to collect the alleged debt.  The

11  calls placed by the defendants were made at various times of day,

12  including but not limited to early mornings and late in the

13  evening, and did annoy and harass plaintiff.  These defendants also

14  repeatedly continued to call plaintiff at his office throughout

15  mid-2003 through February 20, 2004 despite being told that such

16  calls were not permissible and that no further calls should be

17  placed.  Such debt collection calls continued to be made despite

18  the repeated prior oral and written requests made by plaintiff

19  directing that the defendants communicate with him only in writing

20  and not by telephone.

21      36.   Plaintiff is entitled to recover his actual damages, a

22  penalty of up to $1,000.00, and reasonable attorneys' fees and

23  costs.

24                          PRAYER FOR RELIEF

25      Wherefore, plaintiff prays for judgment against the defendants

26  as follows:

27      1.   Damages according to proof and as authorized by law;

28      2.   Punitive damages and statutory penalties;

_____10_____
Second Amended Complaint, Case No. C-04-4507 JW

3.   Costs and attorneys' fees as permitted by law;

4.   Interest;

5.   Injunctive relief; and

6.   Such other relief as may be just and proper.


                                        GORMAN & MILLER, P.C.


                                By_____/s/_____
                                   CRAIG A. HANSEN
                                   Attorneys for Plaintiff

Second Amended Complaint, Case No. C-04-4507 JW