JOHN C. GORMAN, #91515
CRAIG A. HANSEN, # 209622
GORMAN & MILLER, P.C.
210 N. Fourth Street, Suite 200
San Jose, CA  95112
(408) 297-2222 (phone)
(408) 297-2224 (fax)

Attorneys for Plaintiff
John Gorman

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GORMAN, an individual; | Case No. C-04-4507 JW |
| Plaintiff; | SECOND AMENDED COMPLAINT FOR LIBEL; BREACH OF WRITTEN CONTRACT; VIOLATION OF CAL. CIV. CODE § 1785.25; VIOLATION OF 15 U.S.C. § 1681n; VIOLATION OF 15 U.S.C. § 1681o; VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT |
| v. | |
| WOLPOFF & ABRAMSON, L.L.P.; MBNA AMERICA BANK, N.A., and DOES 1 through 100, inclusive; | |
| Defendants. | |

Plaintiff John Gorman ("Gorman") hereby alleges as follows:

1.   Plaintiff Gorman is an individual residing in the County of Santa Clara, State of California and is an attorney licensed by the State of California.

2.   On information and belief, defendant Wolpoff & Abramson, L.L.P. ("Wolpoff") is a limited liability partnership doing business in the State of California.  On further information and belief, Wolpoff's legal practice includes the regular handling of debt collection cases throughout the State of California, including in the County of Santa Clara, State of California.

3.   On information and belief, MBNA America Bank, N.A.

("MBNA") is a corporation that issues credit cards on a nationwide basis, including to individuals residing in the County of Santa Clara, State of California.

4.   Plaintiff is the former holder of an MBNA Visa credit card.   Plaintiff's MBNA Visa card was issued in the early 1980's and plaintiff consistently paid charges billed to his MBNA Visa account in a timely manner.

5.   The true names and capacities, whether individual, corporate, associate or other, of the defendants sued herein as Does 1 through 100, inclusive, are unknown to plaintiff, who sues said defendants by such fictitious names pursuant to Code of Civil Procedure Section 474.   When the true names and capacities of such defendants are ascertained, plaintiff shall amend this complaint to insert the same.   Plaintiff is informed and believes, and based thereon alleges, that each such fictitiously named defendant herein is responsible for each of the acts and omissions alleged herein.

6.   On information and belief, at all times mentioned herein, the defendants, and each of them, were acting on their own behalf and as the agents, servants, partners, joint venturers, and employees of each other, and within the scope of their agency, authority and employment.

7.   In or about January and February 2003, a dispute arose between plaintiff and defendants MBNA and Does 1 through 5 and 50 through 75 regarding certain charges posted by MBNA to plaintiff's credit card account.   The charges in question were from a company called Four Peaks Entertainment for sale and installation of a satellite dish television system.   The items shipped to plaintiff were supposed to be brand new but instead Four Peaks Entertainment

shipped used and defective equipment that could not be successfully installed.  In addition, in the process of attempting to install the equipment, the person sent by Four Peaks to do the installation work left a penetration in the roof of plaintiff's residence through which water could intrude and created deep gouges in an expensive home entertainment center.

8.   Under federal law, plaintiff had a right to dispute the credit card charges from Four Peaks.  Plaintiff notified defendants MBNA and Does 1 through 5 and 50 through 75 in writing in or about February 2003 that the credit card charges from Four Peaks were disputed and should be removed.  Said defendants temporarily removed the disputed charges from plaintiff's account but eventually re-posted the disputed charges, notwithstanding that plaintiff had given notice of a valid basis to dispute the charges.  Said defendants thereafter wrongfully refused to remove the disputed charges despite multiple requests from plaintiff.  The defendants also proceeded to wrongfully impose multiple late fees and finance charges on plaintiff's account.  Plaintiff also disputed such late fees and finance charges but they were not removed.

9.   MBNA and Does 1 through 5 and 50 through 75 subsequently retained Wolpoff to attempt to collect the alleged debt as a debt collector.  MBNA subsequently authorized Wolpoff to initiate an arbitration action against plaintiff in or about May 2004.  At no time has plaintiff agreed to arbitrate disputes with MBNA nor was any arbitration demand validly served on plaintiff.  At no time did MBNA file a petition to compel plaintiff to participate in arbitration under CCP § 1281.2.  Likewise, at no time did any

arbitration body comply with the California arbitration disclosure requirements related to MBNA's dispute with plaintiff.  To date, no arbitration award has been judicially confirmed in favor of MBNA against plaintiff nor has any judgment ever been obtained by MBNA against plaintiff.  The charges imposed by MBNA remain subject to dispute.

10.  Beginning in or about June and July 2003 and continuing through on or about February 20, 2004, defendants MBNA, Wolpoff, and Does 1-20 placed multiple telephone calls to plaintiff at both his residence and his office in an attempt to collect payment of the disputed charges.  On information and belief, the defendants placed at least several hundred telephone calls to plaintiff despite being repeatedly instructed not to call.  Such calls were placed at various times of the day, including early mornings and late at night, as well as on weekends.  The callers would frequently place multiple repeated calls (one after the other), many of which were "computer generated" calls.  If plaintiffs did not answer, the defendants would often make a series of "hang up" calls using an auto-dialer.  Plaintiff repeatedly instructed the callers to stop calling and asked that all communications be made only in writing.  By way of example (and not of limitation), on August 14, 2004, plaintiff received multiple calls from the defendants during a dinner party and asked that the calls immediately stop and also noted that there had been prior requests that no more calls be made to plaintiff's residence and office, yet the defendants continued to place additional calls and interrupt the August 14, 2003 gathering at plaintiff's house.  The defendants said that they would continue to call regardless of plaintiff's

requests that the calls cease until the disputed debt was paid.
The harassing collection calls placed by Wolpoff and MBNA caused
plaintiff to suffer great humiliation, annoyance, mental anguish,
disruption of his affairs, and embarrassment.  The defendants also
placed numerous calls to plaintiff's office during the period from
June/July 2003 through February 2004 regarding the alleged debt,
despite being told by plaintiff and his office staff that such debt
collection calls were prohibited by the employer, that no further
calls should be placed, and that any communications should be made
solely in writing.

11.  Defendants MBNA and Does 1 through 5 and 50 through 75
have falsely reported to Eperian, Trans Union, and Equifax (and
possibly other credit reporting bureaus) that plaintiff is
delinquent on obligations allegedly owed to MBNA.  Such defendants
have further willfully and consistently failed to note that the
alleged debt is disputed by plaintiff.

12.  Plaintiff discovered that defendants MBNA and Does 1
through 5 and 50 through 75 were providing inaccurate and
incomplete information about him in or about late April 2004, when
plaintiff received and reviewed credit reports from all three of
the major credit reporting bureaus (Equifax, Trans Union, and
Experian) that reflected his account as a "charge off" account with
a substantial "past due" balance that had been "submitted to
collection."  The MBNA account was classified as "serious
delinquency."  The credit reports did not contain any notation that
the amount was disputed by plaintiff.  Plaintiff thereupon notified
Equifax, Trans Union, and Experian in writing on May 6, 2004 that
the information provided by MBNA was mistaken and that the alleged

delinquency should be promptly corrected.  On information and belief, each of the three credit reporting bureaus notified MBNA of plaintiff's dispute and asked that MBNA, as the furnisher of the derogatory information, investigate the dispute.  The credit reporting bureaus subsequently notified plaintiff that MBNA would not make any changes or corrections.  Once again, MBNA did not inform the credit reporting bureau that the alleged debt was disputed by plaintiff.  As a result of MBNA's conduct, plaintiff's credit report has continued to reflect the negative information provided by MBNA.  On information and belief, MBNA and Does 1 through 5 and 50 through 75 were notified by the various credit reporting agencies of the existence of plaintiff's dispute yet failed to conduct a complete and sufficient investigation.  These defendants have further failed to take any corrective action and continue to report the debt as delinquent and without indicating that the charges are disputed by plaintiff, as required by the FCRA.  Plaintiff also notified MBNA of the fact that it was falsely and misleadingly reporting the alleged debt as delinquent without indicating that the debt was disputed by plaintiff, including a letter sent to MBNA's legal counsel on September 15, 2004.  Once again, no corrective action was taken by the defendants.

FIRST CAUSE OF ACTION

(Libel)

13.  Plaintiff repeats and realleges paragraphs 1 through 12.

14.  The conduct of defendants MBNA and Does 1 through 5 and 50 through 75 constitutes libel that tends to defame, disparage, and injure plaintiff in his business and reputation and has also caused pain and suffering.  Such libel has occurred on a continuing

1   basis from approximately August 2003 through the present time.

2        15.  As a result of defendants' acts and omissions, plaintiff

3   has been injured in an amount yet to be ascertained but believed to

4   exceed the sum of $210,000.00.

5        16.  The conduct of these defendants as alleged herein was

6   willful, fraudulent, malicious, and oppressive.  As a result,

7   plaintiff requests an award of punitive damages in the sum of at

8   least $300,000.00.

9                        SECOND CAUSE OF ACTION

10                (Violation of Cal. Civ. Code § 1785.25)

11       17.  Plaintiff repeats and realleges paragraphs 1 through 16.

12  [This court has previously found that the second claim does not

13  state a cause of action based upon federal preemption.

14  Consequently, paragraphs 17 through 23 are included for historical

15  purposes only and plaintiff does not expect a response to these

16  paragraphs.  However, plaintiff reserves the right to appeal the

17  dismissal of the Cal. Civ. Code claim.]

18       18.  Cal. Civ. Code prohibits any person from furnishing

19  information to a credit reporting bureau that such person knows or

20  should know is incomplete or inaccurate.

21       19.  Defendants MBNA and Does 1 through 5 and 50 through 75

22  have willfully and intentionally violated Cal. Civ. Code § 1785.25

23  by providing incomplete and inaccurate information concerning

24  plaintiff to various consumer credit reporting agencies.

25       20.  Plaintiff is entitled to relief for said defendants'

26  misconduct under Cal. Civ. Code § 1785.31, including actual

27  damages, court costs, loss of wages, attorneys' fees, pain and

28  suffering, punitive damages, and injunctive relief.

21. As a direct result of said defendants' breach, plaintiff has been injured in his business and reputation. Plaintiff's damages are not yet ascertained but are believed to exceed the sum of $200,000.00.

22. Plaintiff has also suffered pain and suffering in the amount of $150,000.00.

23. Plaintiff is also entitled to an award of statutory punitive damages in the amount of $5,000.00 for each violation committed by defendants MBNA and Does 1 through 5 and 50 through 75.

THIRD CAUSE OF ACTION

(Violation of 15 U.S.C. § 1681n)

24. Plaintiff repeats and realleges paragraphs 1 through 23.

25. Defendants MBNA and Does 1 through 5 and 50 through 75 are furnishers of credit information subject to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.

26. The FCRA requires that each of these defendants accurately report credit information about consumers to credit reporting agencies, report the existence of any dispute about any allegedly delinquent charges, and promptly verify and correct any contested information provided by them to a credit reporting bureau.

27. Said defendants have willfully to comply with the requirements of the FRCA with regard to the furnishing of information about plaintiff in violation of 15 U.S.C. § 1681n. On information and belief, MBNA has consistently reported plaintiff's account as being seriously delinquent without noting that the validity of the debt is disputed. Such false and misleading

reporting of the alleged debt has occurred from in or about August 2003 through the present time.

28.  Plaintiff is entitled to recover actual damages of $1,000, punitive damages, costs of suit, and reasonable attorneys' fees.

FOURTH CAUSE OF ACTION

(Violation of 15 U.S.C. § 1681o)

29.  Plaintiff repeats and realleges paragraphs 1 through 23.

30.  Defendants MBNA and Does 1 through 5 and 50 through 75 are furnishers of credit information subject to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.

31.  The FCRA requires that these defendants accurately report credit information about consumers to credit reporting agencies, report the existence of any dispute about any allegedly delinquent charges, and promptly verify and correct any contested information provided by them to a credit reporting bureau.

32.  On information and belief, such defendants have negligently failed to comply with the requirements of the FRCA with regard to the furnishing of information about plaintiff in violation of 15 U.S.C. § 1681o.  On information and belief, MBNA has consistently reported plaintiff's account as being seriously delinquent without noting that the validity of the debt is disputed.  Such false and misleading reporting of the alleged debt has occurred from in or about August 2003 through the present time.

33.  Plaintiff is entitled to recover actual damages, costs of suit, and reasonable attorneys' fees.

FIFTH CAUSE OF ACTION

(Violation of Fair Debt Collection Practices Act, 15 U.S.C. §

Second Amended Complaint, Case No. C-04-4507 JW

1692(c) and § 1692d Against Wolpoff and Does 20 through 30)

34.   Plaintiff repeats and realleges paragraphs 1 through 33.

35.   Each of defendants Wolpoff and Does 20 through 30 has, at all times relevant hereto, acted as a debt collector.  Each of these defendants repeatedly and knowingly contacted plaintiff at both his home and office by way of telephone during the period from mid-2003 and continuing through on or about late February 2004 for the purpose of making harassing, threatening, abusive, oppressive, and annoying telephone calls and has otherwise used unfair and deceptive practices to attempt to collect the alleged debt.  The calls placed by the defendants were made at various times of day, including but not limited to early mornings and late in the evening, and did annoy and harass plaintiff.  These defendants also repeatedly continued to call plaintiff at his office throughout mid-2003 through February 20, 2004 despite being told that such calls were not permissible and that no further calls should be placed.  Such debt collection calls continued to be made despite the repeated prior oral and written requests made by plaintiff directing that the defendants communicate with him only in writing and not by telephone.

36.   Plaintiff is entitled to recover his actual damages, a penalty of up to $1,000.00, and reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

Wherefore, plaintiff prays for judgment against the defendants as follows:

1.   Damages according to proof and as authorized by law;

2.   Punitive damages and statutory penalties;

Second Amended Complaint, Case No. C-04-4507 JW

3.   Costs and attorneys' fees as permitted by law;

4.   Interest;

5.   Injunctive relief; and

6.   Such other relief as may be just and proper.


                                    GORMAN & MILLER, P.C.


                              By_____/s/_____
                                    CRAIG A. HANSEN
                                    Attorneys for Plaintiff