1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  WINEBERG, SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3880
3  San Francisco, CA 94104-4811
   Telephone: (415) 352-2200
4  Facsimile: (415) 352-2222

5  Attorneys for Defendants
   Wolpoff & Abramson LLP and
6  MBNA America Bank, N.A.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHN GORMAN,                    ) CASE NO.: C-04-4507 JW
                                    )
12          Plaintiff,              ) **STIPULATED PROTECTIVE ORDER**
                                    )
13      vs.                         )
                                    )
14  WOLPOFF & ABRAMSON, LLP;        )
    MBNA AMERICA BANK, N.A., and    )
15  Does 1 through 100, inclusive,  )
                                    )
16          Defendants.             )
                                    )
17                                  )
                                    )
18                                  )
                                    )
19  _____ )

20

21

22

23

24

25

26

27

28

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   "Highly Confidential - Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would created a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7   Designating Party: a Party or non-party that designates information

1 | or items that it produces in disclosures or in responses to discovery as "Confidential" or

2 | Highly Confidential - Attorneys' Eyes Only."

3 |     2.8   Protected Material: any Disclosure or Discovery Material that is

4 | designated as "Confidential" or as Highly Confidential - Attorneys' Eyes Only."

5 |     2.9   Outside Counsel: attorneys who are not employees of a Party but

6 | who are retained to represent or advise a Party in this action.

7 |     2.10  House Counsel: attorneys who are employees of a Party.

8 |     2.11  Counsel: (without qualifier): Outside Counsel and House Counsel

9 | (as well as their support staffs).

10 |     2.12  Expert: a person with specialized knowledge or experience in a

11 | matter pertinent to the litigation who has been retained by a Party or its counsel to serve

12 | as an expert witness or as a consultant in this action and who is not a past or a current

13 | employee of a Party or a competitor of a Party's. This definition includes a professional

14 | jury or trial consultant retained in connection with this litigation.

15 |     2.13  Professional Vendors: persons or entities that provide litigation

16 | support services (e.g. photocopying; videotaping; translating; class administration;

17 | preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or

18 | medium; etc.) and their employees and subcontractors.

19 |

20 |     3.    **SCOPE**

21 |     The protections by this Stipulation and Order cover not only Protected Material (as

22 | defined above), but also any information copied or extracted therefrom, as well as all

23 | copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

24 | presentations by parties or counsel to or in court or in other settings that might reveal

25 | Protected Material.

26 |

27 |     4.    **DURATION**

28 |     Even after the termination of this litigation, the confidentiality obligations imposed

---

1   by this Order shall remain in effect until a Designating Party agrees otherwise in writing

2   or a court order otherwise directs.

3

4        5.    DESIGNATING PROTECTED MATERIAL

5            5.1   Exercise of Restraint and Care in Designating Material for Protection:

6              Each Party or non-party that designates information or items for protection

7   under this Order must take care to limit any such designation to specific material that

8   qualifies under the appropriate standards.  A Designating Party must take care to

9   designate for protection only those parts of material, documents, items, or oral or written

10  communications that qualify - so that other portions of the material documents, items or

11  communications for which protection is not warranted are not swept unjustifiably withing

12  the ambit of this Order.

13             Mass, indiscriminate, or routinized designations are prohibited.

14  Designations that are shown to be clearly unjustified, or that have been made for an

15  improper purpose (*e.g.* to unnecessarily encumber or retard the case development process,

16  or to impose unnecessary expenses and burdens on other parties), expose the Designating

17  Party to sanctions.

18             If it comes to a Party's or a non-party's attention that information or items

19  that it designated for protection do not quality for protection at all, or do not quality for

20  the level of protection initially asserted, that Party or non-party must promptly notify all

21  other parties that it is withdrawing the mistaken designation.

22           5.2   Manner and Timing of Designations: Except as otherwise provided

23  in this Order (*see, e.g.* second paragraph of section 5.2(a), below), or as otherwise

24  stipulated or ordered, material that qualifies for protection under this Order must be

25  clearly so designated before the material is disclosed or produced; provided, however,

26  that the parties may designate materials as protected if they were previously produced as

27  part of their initial disclosures and if they otherwise qualify for protection.

28

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top of each page that contained protected material. If only a portion of portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the document it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY

1  CONFIDENTIAL - ATTORNEYS' EYES ONLY." When it is impractical to identify
2  separately each portion of testimony that is entitled to protection, and when it appears that
3  substantial portions of the testimony may qualify for protection, the Party of non-party
4  that sponsors, offers, or gives the testimony may invoke on the record (before the
5  deposition or proceeding is concluded) a right to have up to 20 days from the date of
6  receipt of the transcript to identify the specific portions of the testimony as to which
7  protection is sought and to specify that level of protection being asserted
8  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").
9  Only those portions of the testimony that are appropriately designated for protection
10 within the 20 days shall be covered by the provisions of this Stipulated Protective Order.
11             Transcript pages containing Protected Material must be separately
12 bound by the court reporter, who must affix to the top of each such page the legend
13 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as
14 instructed by the Party or non-party offering or sponsoring the witness or presenting the
15 testimony.
16             (c) for information produced in some form other than documentary,
17 and for any other tangible items, that the Producing Party affix in a prominent place on
18 the exterior of the container or containers in which the information or item is stored the
19 legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
20 ONLY." If only portions of the information or item warrant protection, the Producing
21 Party, to the extend practicable, shall identify the protected portions, specifying whether
22 they qualify as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."
23       5.3    Inadvertent Failures to Designate: If timely corrected, an inadvertent
24 failure to designate qualified information or items as "Confidential" or "Highly
25 Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating
26 Party's right to secure protection under this Order for such material. If material is
27 appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes
28 Only" after the material was initially produced, the Receiving Party, on timely notification

1  of the designation, must make reasonable efforts to assure that the material is treated in

2  accordance with the provisions of this Order.

3

4      6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5          6.1    Timing of Challenges: Unless a prompt challenge to a Designating

6  Party's confidentiality designation is necessary to avoid foreseeable substantial

7  unfairness, unnecessary economic burdens, or a later significant disruption or delay of the

8  litigation, a Party does not waive its right to challenge a confidentiality designation by

9  electing not to mount a challenge promptly after the original designation is disclosed.

10         6.2    Meet and Confer: A Party that elects to initiate a challenge to a

11  Designating Party's confidentiality designation must do so in good faith and must begin

12  the process by conferring directly with counsel for the Designating Party.  In conferring,

13  the challenging Party must explain the basis for its belief that the confidentiality

14  designation was not proper and must give the Designating Party an opportunity to review

15  the designated material, to reconsider the circumstances, and, if no change in designation

16  is offered, to explain the basis for the chosen designation.  A challenging Party may

17  proceed to the next stage of the challenge process only if it has engaged in this meet and

18  confer process first.

19         6.3    Judicial Intervention: A party that elects to press a challenge to a

20  confidentiality designation after reconsidering the justification offered by the Designating

21  Party may file and serve a motion under Civil Rule 7 (and in compliance with Civil Local

22  Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the

23  basis for the challenge.  Each such motion must be accompanied by a competent

24  declaration that affirms that the movant has complied with the meet and confer

25  requirements imposed in the preceding paragraph and that sets forth with specificity the

26  justification for the confidentiality designation that was given by the Designating Party in

27  the meet and confer.

28         The burden of persuasion in any such challenge proceeding shall be on the

1  Designating Party.  Until the court rules on the challenge, all parties shall continue to

2  afford the material in question the level of protection to which it is entitled under the

3  Producing Party's designation.

4

5       7.     ACCESS TO AN USE OF PROTECTED MATERIAL

6              7.1     Basic Principles: A Receiving Party may use Protected Material that

7  is disclosed or produced by another Party or by a non-party in connection with this case

8  only for prosecuting, defending, or attempting to settle this litigation.  Such Protected

9  Material may be disclosed only to the categories of persons and under the conditions

10  described in this Order.  When the litigation has be terminated, a Receiving Party must

11  comply with the provisions of section 11, below (FINAL DISPOSITION).

12              Protected Material must be stored and maintained by a Receiving Party at a

13  location and in a secure manner that ensures that access is limited to the persons

14  authorized under this Order.

15              7.2     Disclosure of "CONFIDENTIAL" Information or Items: Unless

16  otherwise ordered by the court or permitted in writing by the Designating Party, a

17  Receiving Party may disclose any information or item designated CONFIDENTIAL only

18  to:

19              (a) the Receiving Party's Outside Counsel of record in this action, as

20  well as employees of said Counsel to whom it is reasonably necessary to disclose the

21  information for this litigation and who have signed the "Agreement to Be Bound by

22  Protective Order" that is attached hereto as Exhibit A;

23              (b) the officers, directors, and employees (including House Counsel)

24  of the Receiving Party to whom disclosure is reasonably necessary for this litigation and

25  who signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

26              (c) experts (as defined in this Order) of the Receiving Party to whom

27  disclosure is reasonably necessary for this litigation and who have signed the "Agreement

28  to Be Bound by Protective Order" (Exhibit A);

1     (d) the Court and its personnel;

2     (e) court reporters, their staffs, and professional vendors to whom

3 disclosure is reasonably necessary for this litigation and who have signed the "Agreement

4 to Be Bound by Protective Order" (Exhibit A);

5     (f) during their depositions, witnesses in the action to whom

6 disclosure is reasonably necessary and who have signed the "Agreement to be Bound by

7 Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to

8 depositions that reveal Protected Material must by separately bound by the court reporter

9 and may not be disclosed to anyone except as permitted under this Stipulated Protective

10 Order.

11     (g) the author of the document or the original source of the

12 information.

13   7.3  Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

14 ONLY" Information or Items: Unless otherwise ordered by the court or permitted in

15 writing by the Designating Party, a Receiving Party may disclose any information or item

16 designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

17     (a) the Receiving Party's Outside Counsel of record in this action, as

18 well as employees of said Counsel to whom it is reasonably necessary to disclose the

19 information for this litigation and who signed the "Agreement to Be Bound by Protective

20 Order" that is attached hereto as Exhibit A;

21     (b) Experts (as defined in this Order) (1) to whom disclosure is

22 reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound

23 by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in

24 paragraph 7, 4, below, have been followed;

25     (c) the Court and its personnel;

26     (d) court reporters, their staffs, and professional vendors to whom

27 disclosure is reasonably necessary for this litigation and who have signed the "Agreement

28 to Be Bound by Protective Order" (Exhibit A); and

---

GORMAN v. WOLPOFF & ABRAMSON LLP, et al.
STIPULATED PROTECTIVE ORDER                  9

1    (e) the author of the document or the original source of the

2 information.

3

4    7.4  Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL -

5 ATTORNEYS' EYES ONLY" Information or Items to "Experts"

6    (a) Unless otherwise ordered by the court or agreed in writing by the

7 Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order)

8 any information or item that has been designated "HIGHLY CONFIDENTIAL -

9 ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party

10 that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving

11 Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert

12 and the city and state of his or her primary residence, (3) attaches a copy of the Expert's

13 current resume, (4) identifies the Expert's current employer(s), (5) identifies each person

14 or entity from whom the Expert has received compensation for work in his or her areas of

15 expertise or to whom the expert has provided professional services at any time during the

16 preceding five years, and (6) identifies (by name and number of the case, filing date, and

17 location of court) any litigation in connection with which the Expert has provided any

18 professional services during the preceding five years.

19    (b) A Party that makes a request and provides the information

20 specified in the preceding paragraph may disclose the subject Protected Material to the

21 identified Expert unless, within seven days of delivering the request, the Party receives a

22 written objection from the Designating Party.  Any such objection must set forth in detail

23 the grounds on which it is based.

24    (c) A Party that receives a timely written objections must meet and

25 confer with the Designating Party to try to resolve the matter by agreement.  If no

26 agreement is reached, the Party seeking to make the disclosure to the Expert may file a

27 motion as provided in Civil Local Rule 7 ( and in compliance with Civil Local Rule 79-5,

28 if applicable) seeking permission from the court to do so.  Any such motion must describe

GORMAN v. WOLPOFF & ABRAMSON LLP, et al.
STIPULATED PROTECTIVE ORDER                                    10

the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possibly) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the

---

GORMAN v. WOLPOFF & ABRAMSON LLP, et al.
STIPULATED PROTECTIVE ORDER

1  subpoena or order issued. The Designating Party shall bear the burdens and the expenses

2  of seeking protection in that court of its confidential material - and nothing in these

3  provisions should be construed as authorizing or encouraging a Receiving Party in this

4  action to disobey a lawful directive from another court.

5

6      9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

8  Protected Material to any person or in any circumstance not authorized under this

9  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

10  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

11  all copies of the Protected Material, (c) inform the person or persons to whom

12  unauthorized disclosures were made of all the terms of this Order, and (d) request such

13  person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is

14  attached hereto as Exhibit A.

15

16      10.    FILING PROTECTED MATERIAL

17          Without written permission from the Designating Party or a court order secured

18  after appropriate notice to all interested persons, a Party may not file in the public record

19  in this action any Protected Material. A Party that seeks to file under seal any Protected

20  Material must comply with Civil Local Rule 79-5.

21

22      11.    FINAL DISPOSITION

23          Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

24  (60) days after the final termination of this action, each Receiving Party must return all

25  Protected material to the Producing Party. As used in this subdivision, "all Protected

26  Material" includes all copies, abstracts, compilations, summaries or any other from of

27  reproducing or capturing any of the Protected Material. With permission in writing from

28  the Designating Party, the Receiving Party may destroy some or all of the Protected

GORMAN v. WOLPOFF & ABRAMSON LLP, et al.
STIPULATED PROTECTIVE ORDER

1  Material instead of returning it.  Whether the Protected Material is returned or destroyed,

2  the Receiving Party must submit a written certification to the Producing Party (and, if not

3  the same person or entity, to the Designating Party) by the sixty day deadline that

4  identifies (by category, where appropriate) all the Protected material that was returned or

5  destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

6  compilations, summaries or other forms of reproducing or capturing any of the Protected

7  Material.  Notwithstanding this provision, Counsel are entitled to retain any archival copy

8  of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

9  work product, even if such materials contain Protected Material.  Any such archival

10  copies that contain or constitute Protected Material remain subject to this Protective Order

11  as set forth in Section 4 (DURATION), above.

12

13      12.    MISCELLANEOUS

14          12.1    Right to Further Relief: Nothing in this Order abridges the right of

15  any person to seek its modification by the Court in the future.

16          12.2    Right to Assert Other Objections: By stipulating to the entry of this

17  Protective Order no Party waives any right it otherwise would have to object to disclosing

18  or producing any information or item on any ground not addressed in this Stipulated

19  Protective Order.  Similarly, no Party waives any right to object on any ground to use in

20  evidence of any of the material covered by this Protective Order.

21          12.3    Right to Designate Materials Already Produced: The Parties will

22  have ten (10) days from the date this Protective Order is signed and entered by the court

23  to designate materials already produced in this action as "CONFIDENTIAL" or

24  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" within the meaning of this

25  Protective Order.

26

27

28

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3

4   DATED: January 27, 2006 _____

5                                        Attorneys for Plaintiff

6

7   DATED: January 27, 2006 _____

8                                        Attorneys for Defendants
                                         Wolpoff & Abramson LLP and
9                                        MBNA America Bank, N.A.

10

11  PURSUANT TO STIPULATION
    IT IS SO ORDERED.
12

13  DATED: 1/30/06 _____

14                                       The Honorable James Ware
                                         United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

GORMAN v. WOLPOFF & ABRAMSON LLP, et al.
STIPULATED PROTECTIVE ORDER                                        14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ (print or type full name), of _____ (print or type full address), declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on (date) in the case of *Gorman vs. Wolpoff & Abramson, LLP; MBNA America Bank, N.A., et al. Case No.* C-04-4507 JW, and that I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ (print or type full name) of _____ (print or type full address and tel. number) as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

GORMAN v. WOLPOFF & ABRAMSON LLP, et al.
STIPULATED PROTECTIVE ORDER

15